IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2007-FL

| | |
|---|---|
| CLARENCE HENRY DANIELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PRISONS and ROBERT G. JONES, ) | |
| ) | |
| Respondents. ) | |

This matter came before the court on the motion for summary judgment (DE # 9) pursuant to Federal Rule of Civil Procedure 56 of respondent Robert G. Jones ("respondent"). Also before the court is petitioner's motion for release (DE # 6), motion to amend (DE # 13), and motion captioned "Mandamus and Amend with Release Relief Order Nunc-Pro-Tunc" (DE # 15). Petitioner responded to respondent's motion for summary judgment, but respondent did not respond to petitioner's motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment and denies petitioner's motions as moot.

**STATEMENT OF CASE**

On August 9, 2010, in the Wake County Superior Court, petitioner pleaded guilty to four counts of aiding and assisting in the preparation and filing of false and fraudulent tax returns. Resp't's Ex. 1. Petitioner then was sentenced to a term of seventeen (17) to twenty (20) months imprisonment. Id. Ex. 2.

On November 8, 2010, petitioner filed a *pro se* pleading captioned "Motion for Sentence Discharge under HJR-192 or Modification." Id. Ex. 3. On November 18, 2010, petitioner filed another *pro se* pleading captioned "Affidavit in Support of Commercial Discharge." Id. The superior court subsequently denied petitioner's motions. Id. Ex. 4. On January 10, 2011, petitioner filed in the Wake County Superior Court a *pro se* document captioned "Amend and Appeal."[1] Id. Ex. 5.

On March 2, 2011, petitioner filed a *pro se* pleading in superior court captioned "Habeas Corpus and Mandamus." Id. Ex. 6. Petitioner subsequently filed additional *pro se* documents in the Wake County Superior Court. Id. Exs. 7, 8, 9. The Wake County Superior Court denied petitioner's motions on March 24, 2011. Id. Ex. 10.

In addition to his filings in the Wake County Superior Court, petitioner filed a *pro se* state application for writ of habeas corpus and mandamus in the Pasquotank County Superior Court. Id. Ex. 11. The Pasquotank Superior Court denied petitioner's motion on November 25, 2011.

On January 12, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his petition: (1) "false imprisonment;" (2) "breach of contract and double jeopardy;" and (3) "fiction and nat[u]ral man sentient." Petitioner subsequently filed a motion for order of release.

On April 7, 2011, respondent filed a motion for summary judgment, arguing petitioner's claims should be dismissed because he failed to state a claim upon which relief may be granted. Petitioner responded to respondent's motion for summary judgment and subsequently filed a motion

---

[1] Petitioner's motion sought to amend his previously filed "Motion for Sentencing Discharge Under HJR-192 or Modification" to add issues regarding United States Bankruptcy law. The record does not reflect that the superior court directly addressed this motion. Resp't's Mem. p. 2.

2

to amend and a motion captioned "Mandamus and Amend with Release Relief Order Nunc-Pro-Tunc."

DISCUSSION

A. Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are

3

materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

2. Analysis

Petitioner's claims consist of the following:

> False Imprisonment:
> Clarence Henry Daniels the fiction was sentence 17-20 I Clarence Daniels in flesh and blood is not that person of fiction that the courts created. Nor have I gave N.C. Dept. of Correction consent and permission to hold me for any length of time . . .

> Breach of Contract and Double Jeopardy:

4

> I was sentence to work-release[2] N.C. D.O.C. has refuse to honor the Judges and court recommendation! and The sentence has already been discharge and amended to the fiction Corporation Clarence Henry Daniels. were fore Clarence Henry Daniels in flesh and blood is held harmless of this sentence that's already been done!!! . . .
>
> Fiction & Nat[u]ral Man Sentient:
> Fiction is 'Clarence Henry Daniels Jr.' a co[r]peration capital letters!
> Nat[ur]al man is Clarence Henry Daniels in the flesh and blood small case letters. . .

Pet. pp. 7-9.

The above-stated allegations do not allege any basis for relief. Rather, they are conclusory statements asserting conclusory claims that his convictions are invalid. The Fourth Circuit has made clear that "[u]nsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recogn'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Petitioner's allegations further are nonsensical in that he appears to contend that the state convicted him named as an entity separate from his person. Because petitioner has failed to provide any factual basis for the above-stated claims, aside from conclusory assertions, respondent's motion for summary judgment is GRANTED.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate

---

[2] The court notes that petitioner was released from incarceration. See (DE # 16). Thus, his request for work-release is moot. The court further notes that petitioner was not sentenced to work release, but that the sentencing judge merely recommended work release. See Resp't's Ex. 2.

5

of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 9) is GRANTED. Because petitioner has been released from incarceration, his motion for release (DE # 6) is DENIED as moot. The court further DENIES as moot petitioner's motion to amend (DE # 13) and motion captioned "Mandamus and Amend with Release Relief Order Nunc-Pro-Tunc" (DE # 15) on the grounds that these motions also are conclusory and set forth nonsensical allegations. Finally, the Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 27th day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge